# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ANASTASIA TANNER,

         Plaintiff,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

         Defendant.

Case No. 3:19-cv-00253-SLG

## ORDER RE MOTION FOR SIX-DAY EXTENSION TO SERVE EXPERT REPORTS

Before the Court at Docket 24 is Plaintiff Anastasia Tanner's Motion for Six-Day Extension to Serve Expert Reports. Defendant State Farm Mutual Automobile Insurance Co. responded in opposition at Docket 28. Plaintiff replied at Docket 29. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Plaintiff initiated this matter in the Superior Court for the State of Alaska, Anchorage, on March 28, 2019, and Defendant removed the case to this Court on September 18, 2019.[1] On December 13, 2019, the parties filed their joint report

---

[1] Docket 1 at 1.

for the Rule 26(f) planning meeting.[2]   On December 27, 2019, the Court entered a Scheduling and Planning Order, which provided that expert reports were to be disclosed by June 26, 2020, and which set trial to begin on February 1, 2021.[3]  On May 13, 2020, at the parties' request, the Court extended several pretrial deadlines, including the deadline for expert reports, which was moved to August 25, 2020.[4]  Plaintiff now moves for a six-day extension of that August 25, 2020 deadline.[5]

**DISCUSSION**

Plaintiff asks the Court to grant a six-day extension to serve expert reports, having served a report on August 31, 2020, instead of on August 25, 2020, as required by the Order Extending Pretrial Deadlines at Docket 20.[6]  Counsel for Plaintiff states that he erroneously informed Plaintiff's expert that the deadline for the report was August 28, 2020.[7]  Plaintiff contends that her expert was unable to finish the report by the August 25, 2020 deadline due to other commitments and

---

[2] Docket 15.

[3] Docket 16 at 4, 8.

[4] Docket 20 at 1.

[5] Docket 24.

[6] Docket 24 at 1–2.

[7] Docket 24 at 1.  Plaintiff contends that counsel conflated the July 28, 2020 deadline for responsive supplemental expert witnesses with the due date for expert reports, as the two deadlines are next to one another in the Court's order extending pretrial deadlines.  Docket 29 at 4.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 2 of 9

Case 3:19-cv-00253-SLG   Document 31   Filed 10/06/20   Page 2 of 9

provided his report to counsel on August 28, 2020.[8]  Counsel served it on Defendant on Saturday, August 29, 2020.[9]  Plaintiff maintains that the delay is harmless because it will not interfere with the February 2021 trial date and represents that she is "happy to grant a reasonable extension to the defendant" to depose her expert as needed.[10]  Plaintiff emphasizes that she had agreed to Defendant's earlier request for a 60-day extension to the deadline for expert reports and now asks for a six-day extension of her own.[11]

Defendant opposes the request, maintaining that Plaintiff has not established good cause to modify the scheduling order and that Plaintiff's counsel has been "insistent in other matters on enforcing" scheduling deadlines.[12] Defendant contends that "fail[ing] to properly calendar the deadline for disclosing expert reports and advising their expert of the same is not 'good cause' for seeking to extend the deadline after the fact," analogizing to *Haines v. Get Air Tucson*.[13]

In *Haines*, the defendant had repeatedly sought extensions throughout the course of the multiyear litigation.  After the fact discovery deadline had expired, the

---

[8] Docket 24 at 2; Docket 29 at 4.

[9] Docket 24 at 2; Docket 25 at 1–2, ¶¶ 2–5.

[10] Docket 29 at 5.

[11] Docket 29 at 9–10.

[12] Docket 28 at 2.

[13] Docket 28 at 2 (citing Case No. CV-15-00002-TUC-RM (EJM), 2018 U.S. Dist. LEXIS 228400, at *7–8 (D. Ariz. Jan. 30, 2018)).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 3 of 9

defendant then sought an extension of that deadline so as to depose the plaintiff and his parents.[14] The defendant represented that it needed an extension "because it both forgot to calendar the dates in the revised scheduling order and because it was waiting for Plaintiff's counsel to provide dates and times for the depositions."[15] The District Court for the District of Arizona denied the request, emphasizing that the case had been pending in federal court for three years, during which time the defendant "largely ignored the discovery deadlines set in the Court's original scheduling order."[16] The district court concluded that the defendant's "failure to diligently litigate this matter and then blame Plaintiff's counsel for its own failure to proactively schedule the deposition before the deadline expired does not warrant an extension here."[17] In the instant case, unlike in *Haines*, Plaintiff has not demonstrated an ongoing failure to diligently litigate this case.

Defendant also cites to *Patriot Rail Corporation v. Sierra Railroad Company*, a decision denying a request for extension of time to serve counter-defendants under Federal Rule of Civil Procedure 4(m).[18] But there, the party seeking the

---

[14] *Haines*, 2018 U.S. Dist. LEXIS 227400, at *1 (D. Ariz. Jan. 30, 2018).

[15] *Id.* at *6.

[16] *Id.* at *8.

[17] *Id.* at *9.

[18] Case No. 2:09-cv-0009-TLN-AC, 2013 U.S. Dist. LEXIS 98629, at *14–15 (E.D. Cal. July 12, 2013).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 4 of 9

extension had "waited over four years to seek relief from the court for its failure to serve counter-defendants."[19]

Finally, Defendant contends that under Federal Rule of Civil Procedure 37(c), expert witnesses cannot testify if their reports are untimely unless the delay was "substantially justified or harmless," and that here neither requirement is met.[20] Defendant maintains that mixing up deadlines is not a substantial justification, and that the mix-up is not harmless as they will have to "incur the expense of deposing the witness and preparing to address his testimony and opinions at trial."[21]

Plaintiff responds that excluding her only expert under Rule 37 "would be an unwarranted litigation ending sanction."[22] Plaintiff cites to *Rimbert v. Eli Lilly and Company*, where the Tenth Circuit reversed a district court's denial of the plaintiff's motion for a new scheduling order; the plaintiff sought the modification to identify a substitute expert after the original expert was excluded from trial.[23] Applying a four-factor test governing review of the court's refusal to enter a new scheduling order, the Tenth Circuit concluded that under the "procedural oddities of the case,"

---

[19] *Id.* at *18.

[20] Docket 28 at 4.

[21] Docket 28 at 4.

[22] Docket 29 at 5.

[23] Docket 29 at 2–4 (discussing *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1253–54 (10th Cir. 2011)).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 5 of 9

Case 3:19-cv-00253-SLG   Document 31   Filed 10/06/20   Page 5 of 9

the district court had abused its discretion in refusing to grant the plaintiff an opportunity to secure a new expert.[24]

Plaintiff relies on two additional cases: *Wong v. Regents of the University of California* from the Ninth Circuit[25] and *Sykes v. Melba Creek Mining, Inc.* from the Alaska Supreme Court.[26] In *Wong*, the plaintiff sought to identify additional expert witnesses after the relevant deadline on the basis that he could not have anticipated needing those witnesses.[27] The Ninth Circuit affirmed the district court's denial of the plaintiff's request on the basis that the plaintiff should have reasonably anticipated the need for the witnesses.[28] The plaintiff in *Wong* also argued that the district court's denial of his request to supplement his expert witness list violated Rule 37(c). Noting that the Rule 37 "excludes evidence from an untimely disclosed witness unless 'the parties' failure to disclose the required information is substantially justified or harmless,'" the Ninth Circuit concluded that the district court had evidently found that the plaintiff's failure to timely identify witnesses was without substantial justification, and that the "[d]isruption to the schedule of the court and other parties [was] not harmless."[29]

---

[24] *Id.* at 1253–54, 1256.

[25] Docket 29 at 5 (citing 410 F.3d 1052 (9th Cir. 2005)).

[26] Docket 29 at 6 (citing 952 P.2d 1164 (Alaska 1998)).

[27] 410 F.3d 1052, 1056 (9th Cir. 2005).

[28] *Id.* at 1056, 1060.

[29] *Id.* at 1062.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 6 of 9

In *Sykes*, the Alaska Supreme Court reversed a trial court's order denying the plaintiff's motion to accept late witness lists, thereby precluding the plaintiff from calling expert witnesses at trial.[30]  But here, the Court applies the Federal Rules of Civil Procedure and looks to Ninth Circuit precedent on procedural law.[31]

The Court evaluates Plaintiff's request under Rule 16(b).  "Once [a] district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable," Rule 16 controls.[32]  Pursuant to Rule 16(b), a court's pretrial scheduling order can only be modified "for good cause."[33]  The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[34]  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"[35]  While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [and] [i]f that party was not diligent, the inquiry should end."[36]

---

[30] 952 P.2d 1164, 1171 (Alaska 1998).

[31] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[32] *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

[33] Fed. R. Civ. P. 16(b)(4); *see also Mammoth Recreations, Inc.*, 975 F.2d at 608.

[34] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

[35] *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

[36] *Id.*

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 7 of 9

The Court finds that Plaintiff has demonstrated good cause to modify the scheduling order to extend the deadline for expert reports by six days. While it is unfortunate that Plaintiff's counsel misinformed her expert about the deadline for disclosures, upon realizing her error, Plaintiff was diligent in her efforts to meet the deadline and was unable to do so as a result of the expert's other commitments. Defendant's expectation that the parties will strictly abide by the Court's orders is certainly reasonable; however, Defendant received the expert report just days after the deadline and has not demonstrated any prejudice as a result of this brief delay.[37]

The Court also declines to exclude the expert report as a sanction for Plaintiff's failure to comply with discovery deadlines. As the Ninth Circuit has explained, Federal Rule of Civil Procedure 26(a)(2)(B) "requires the parties to disclose the identity of each expert witness 'accompanied by a written report prepared and signed by the witness'" and Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."[38] However, the information "may be introduced if the parties' failure to disclose the required information is

---

[37] The Court is not persuaded that Defendant was harmed by the delay. Although it would likely benefit if the Court excluded the expert and his report, Defendant did not allege any harm as a result of the delay itself. Rather, Defendant alleges that it would be harmed if the Court did not sanction Plaintiff for the delay by excluding the expert's testimony.

[38] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (footnote omitted).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 8 of 9

Case 3:19-cv-00253-SLG   Document 31   Filed 10/06/20   Page 8 of 9

substantially justified or harmless."[39]   For the same reasons that the Court concludes that there is good cause to modify the scheduling order, it finds that the delayed disclosure was harmless.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for Six-Day Extension to Serve Expert Reports at Docket 24 is GRANTED.

DATED this 6th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[39] *Id.* at 1106–07 (citing Fed. R. Civ. P. 37(c)(1)).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion For Six-Day Extension to Serve Expert Reports
Page 9 of 9

Case 3:19-cv-00253-SLG   Document 31   Filed 10/06/20   Page 9 of 9