# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ANASTASIA TANNER,

                Plaintiff,

      v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                Defendant.

Case No. 3:19-cv-00253-SLG

## ORDER RE MOTION TO CONTINUE TRIAL

Before the Court at Docket 33 is Defendant State Farm Mutual Automobile Insurance Company's Motion to Continue Trial. Plaintiff Anastasia Tanner responded in opposition at Dockets 39 and 40. Defendant replied at Docket 41. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Plaintiff initiated this matter in the Superior Court for the State of Alaska, Anchorage, on March 28, 2019; Defendant removed the case to this Court on September 18, 2019.[1] On December 27, 2019, the Court entered a Scheduling

---

[1] Docket 1 at 1.

and Planning Order, which set trial to begin on February 1, 2021.[2] Defendant now moves for an order continuing trial.

## LEGAL STANDARD

The Court evaluates a motion to continue a trial date established in the scheduling order under the "good cause" standard of Federal Rule of Civil Procedure Rule 16(b)(4).[3] "Once the district court ha[s] filed a pretrial scheduling order," Rule 16's standard controls and the scheduling order can only be modified "for good cause."[4] The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[5] While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[6]

## DISCUSSION

Defendant requests a trial continuance on the basis that its essential witnesses are located in Arizona and it would constitute undue hardship to require

---

[2] Docket 16 at 4.

[3] *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *BMG Rights Mgmt. US LLC v. Global Eagle Entm't*, Case No. 2:18-CV-03723-VAP-JEMx, 2019 U.S. Dist. LEXIS 165656, at *6 (C.D. Cal. Aug. 20, 2019).

[4] *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4).

[5] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

[6] *Id*.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 2 of 8

them to travel to Alaska for trial during the ongoing COVID-19 pandemic.[7] Defendant adds that it has issued a ban on non-essential travel for all of its employees.[8] Defendant posits that it is unlikely that the Court will be able to hold jury trials by February 1, 2021, given the state of the pandemic, and asks for a new trial date before the end of 2021 "to allow for certainty in planning."[9] It contends that a trial with social distancing requirements and masks would adversely affect it because masks "make[] it difficult to evaluate credibility," and "impact[] the effectiveness of counsel."[10] Defendant emphasizes that the instant case has been pending for just over a year and there have been no previous continuances requested.[11] It maintains that good cause exists to continue the trial until the end of 2021 when it will be "substantially more likely that witnesses can travel.[12] Defendant contends that any prejudice to Plaintiff arising from a continuance is substantially outweighed by the prejudice to Defendant if trial is not continued "given that its employees and witnesses are not Alaska residents."[13] Defendant notes that under the then-current Miscellaneous General Order ("MGO"), all civil

---

[7] Docket 33 at 1–2.

[8] Docket 33 at 7.

[9] Docket 33 at 7–8.

[10] Docket 33 at 8.

[11] Docket 33 at 11.

[12] Docket 33 at 11.

[13] Docket 33 at 12.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 3 of 8

Case 3:19-cv-00253-SLG   Document 44   Filed 12/28/20   Page 3 of 8

jury trials in this Court are continued until at least January 4, 2021, and adds that a new MGO is likely to extend that deadline.[14] Defendant adds that Plaintiff waited "nearly two years" after Defendant's initial offer on her UIM claim to serve her complaint, precluding her from claiming she needs expeditious resolution of this case.[15] Finally, Defendant contends that having its witnesses participate by video conference "is not an acceptable alternative and would be prejudicial."[16] Specifically, it maintains that videoconferencing: (1) is not the same as attendance at trial; (2) presents potential connectivity issues; (3) limits the jury's ability to focus on and determine witness credibility, which is particularly important in a case involving "bad faith" claims; (4) makes it difficult for attorneys to communicate with their client; and (5) makes it difficult to examine or cross-examine witnesses, especially with exhibits.[17]

Plaintiff opposes the motion, maintaining that she has a right to prompt adjudication of her claim.[18] She contends that videoconferencing "offers the most suitable and efficacious solutions to the very risks, obstacles and impediments that

---

[14] Docket 41 at 2. On December 23, 2020, the Court issued MGO 20-40, which continued all civil jury trials until March 1, 2021, except as otherwise ordered. *See* MGO 20-40 at 2, 7.

[15] Docket 33 at 12.

[16] Docket 33 at 8.

[17] Docket 33 at 8–9.

[18] Docket 39 at 3.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 4 of 8

Case 3:19-cv-00253-SLG   Document 44   Filed 12/28/20   Page 4 of 8

State Farm cites."[19]   Specifically, Plaintiff notes that videoconferencing obviates the need for travel and the concerns regarding masks.[20]   Plaintiff cites instances during this pandemic and otherwise where courts have ordered parties to utilize videoconferencing to meet deadlines and discovery obligations, and where courts have addressed concerns about handling exhibits during video testimony.[21]   She adds that she and her family also live in Arizona, and that they "plan to testify by Zoom at trial on February 1, 2021."[22]   Plaintiff concludes that there is no right to appear in person at a deposition or at a civil trial.[23]

The Court finds that Defendant has not show good cause to modify the scheduling order to continue trial until the end of 2021.   Indeed, Defendant does not assert that it cannot meet the pretrial or trial deadlines; its primary (and well-justified) concern is the risk of holding an in-person trial during the pandemic. Defendant's concerns can be resolved by proceeding by videoconference and do not require the Court to continue trial.   There is currently a  considerable backlog of proceedings in this Court due to the pandemic-related court closure since March

---

[19] Docket 39 at 4.

[20] Docket 39 at 4.

[21] Docket 39 at 5–6 (collecting cases).  Defendant seeks to distinguish these cases on the basis that none of them involved a motion for a continuance of trial in light of the pandemic, and that none were decided after April 2020, when the pandemic was in a different phase.  Docket 41 at 4–7.

[22] Docket 40 at 1.

[23] Docket 39 at 7.

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 5 of 8

Case 3:19-cv-00253-SLG   Document 44   Filed 12/28/20   Page 5 of 8

2020. When this Court does reopen for in-person jury trials, criminal matters will take precedence over civil matters. As a result, rescheduling this case for an in-person jury trial anytime in 2021 is highly unlikely. Therefore, the Court finds that proceeding by videoconference in the near term is far preferable to—and better serves the interests of justice than—the uncertainty of waiting for an in-person civil jury trial at the courthouse or for the end of travel restrictions.[24] Accordingly, the Court intends to proceed with a virtual trial.[25] However, in order to give both court staff and the parties sufficient time to prepare for a virtual trial, the Court will vacate the trial scheduled for February 2, 2021 and, instead, will hold a scheduling conference on January 6, 2021 at 4:00 PM, at which time the Court will determine a new date for trial. The Court intends to schedule the trial for in March 2021, and counsel should be prepared to address all dates they are available for trial during that month at the scheduling conference.

---

[24] *See Gould Elecs. Inc. v. Livingstone Cty. Rd. Comm'n*, 470 F.Supp.3d 735, 740 (E.D. Mich. 2020) ("The most persuasive showing of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons . . . but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other . . . witnesses might not be available at a later time.") (citing Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

[25] *See* MGO 20-40 at 7 ("Although civil jury trials scheduled to occur before March 1, 2021, are continued, assigned Judges may make exceptions as Court resources allow and as justice requires."); *see also* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 6 of 8

Although Defendant has expressed concern about the limitations of video testimony, district courts in this Circuit have successfully held virtual civil jury trials, and the Court is confident the same can be done here.[26]  Proper preparation by the parties along with the assistance of the Court's IT staff should help reduce, and if necessary resolve, any technical issues.  Using videoconferencing technology, the Court will strive to observe the traditional formalities of the courtroom and ensure that proceedings take place on the record and remain open to the public. Moreover, counsel can examine and cross-examine witnesses by video and as courts have recognized, "[t]he near-instantaneous transmission of video testimony through current technology permits 'the jury to see the live witnesses along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'"[27]  Although Defendant maintains it will be prejudiced if the Court proceeds by videoconference, both parties will be in the same position and neither will be favored by the format.[28]

---

[26] *See, e.g., Hopkins v. Integon General Ins. Co.*, Case No. 2:18-cv-01723 (W.D. Wash.) (holding eight-day virtual jury trial); *Dallo v. Holland America Line NV,* Case No. 2:19-cv-00865 (W.D. Wash.) (holding seven-day virtual jury trial); *Goldstine v. FedEx Freight, Inc.*, Case No. 2:18-cv-01164 (W.D. Wash.) (completing eight-day virtual jury trial).

[27] *Gould Elecs.,* 470 F.Supp.3d at 739 (quoting *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967 (D. Minn. 2020) (alterations in *Gould*)).  *See also Guardant Health, Inc. v. Found. Med., Inc.*, Case No. 17-1616-LPS-CJB, 2020 WL 6120186 (D. Del. Oct. 16, 2020) (concluding that videoconferencing will allow the jury to assess witness credibility and allow counsel to "conduct effective examinations, including cross-examinations, even without the witnesses . . . being in the courtroom").

[28] *See Argonaut Ins. Co. v. Manetta Enters. Inc.*, Case No. 19-CV-00482 (PKC) (RLM) 2020 WL 3104033 (E.D.N.Y. June 11, 2020) (dismissing concerns that video technology will impair the parties' ability to put on their case).

Case No. 3:19-cv-00253-SLG, *Tanner v. State Farm*
Order re Motion to Continue Trial
Page 7 of 8

Case 3:19-cv-00253-SLG   Document 44   Filed 12/28/20   Page 7 of 8

Lastly, the Court is not persuaded by Defendant's concern that proceeding by video will make it difficult for attorneys to confer with their clients; even before the COVID-19 pandemic, attorneys and their clients regularly conferred by video or telephone and the technology to do so has only improved.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Continue Trial at Docket 33 is GRANTED in part and DENIED in part. The trial scheduled for February 1, 2021 is VACATED and will be rescheduled in due course. A status conference at which the Court will reschedule the trial to sometime in March 2021 is scheduled for **January 6, 2021 at 4:00 PM.** All parties shall participate telephonically by dialing 877-402-9753 (use access code 6288202#) from a landline telephone approximately five minutes before the scheduled hearing time. Prior to the status conference, the parties are instructed to review the District Court for the Western District of Washington's Handbook for Attorneys for Virtual Trials.[29]

DATED this 28th day of December, 2020 at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

---

[29] The handbook is available at
https://www.wawd.uscourts.gov/sites/wawd/files/VirtrualTrialHandbookforAttorneys.pdf

Case No. 3:19-cv-00253-SLG, _Tanner v. State Farm_
Order re Motion to Continue Trial
Page 8 of 8